DOCKET NO. 767

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
AUG 30 1988
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE COMMERCIAL GENERAL LIABILITY INSURANCE ANTITRUST LITIGATION

TRANSFER ORDER

This litigation presently consists of eighteen actions pending in five federal districts: nine actions in the Northern District of California, five actions in the Eastern District of Pennsylvania, two actions in the Southern District of New York and one action each in the Northern District of Illinois and the District of the District of Columbia. Before the Panel is a motion by all defendants in this litigation to centralize the actions, pursuant to 28 U.S.C. §1407, in the Northern District of California for coordinated or consolidated pretrial proceedings.[1/] Plaintiffs in eight Northern District of California actions included in the Section 1407 motion, and in eleven potential tag-along actions in that district, declare that they do not oppose centralization in the Northern District of California. Plaintiffs in six actions included in the Section 1407 motion, and in four potential tag-along actions, support centralization of all actions in this litigation, but favor the Southern District of New York as the transferee forum. Plaintiffs in four actions included in the Section 1407 motion, and in three potential tag-along actions, urge the Panel to order centralization of the actions in this litigation brought by private plaintiffs, separate and apart from other actions brought by state governmental plaintiffs.[2/] These

---

[1/] Defendants' Section 1407 motion included one additional action -- Pickens-Kane Moving & Storage Co. v. Hartford Fire Insurance Company, et al., N.D. Illinois, C.A. No. 88-C-2946 -- that has been dismissed by Judge Nicholas J. Bua in an order entered on May 10, 1988. Therefore the question of including this action in Section 1407 proceedings is now moot.

Nineteen additional related actions are pending in federal district courts as follows: twelve actions in the Northern District of California, three actions in the District of Connecticut and one action each in the Northern District of Illinois, the Southern District of Florida, the Western District of Pennsylvania and the Southern District of New York. The Section 1407 movants have filed an amended motion seeking to add these nineteen actions to the original motion, but the amended motion was filed too late to permit these nineteen actions to be included among the matters for consideration at the Panel's hearing in Portland, Maine on July 28, 1988. Accordingly, these nineteen actions will be treated as potential tag-along actions. See Rules 12 and 13, R.P.J.P.M.L. (effective July 6, 1988).

[2/] Ten of the actions included in the Section 1407 motion are brought by private plaintiffs; the remaining eight actions are brought by state governmental plaintiffs.

parties would favor any one of three federal districts in the eastern United States (the Eastern District of Pennsylvania, the Southern District of New York or the District of Connecticut) as the transferee forum for the actions by private plaintiffs.

On the basis of the papers filed and the hearing held, the Panel finds that all actions in this docket involve common questions of fact and that centralization under Section 1407 in the Northern District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The complaints in all actions contain similar allegations of conspiracies, involving essentially the same groups of defendants, to manipulate the availability of commercial general liability insurance, in violation of federal antitrust laws. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. In view of the overriding similarities evident in all actions, we see no persuasive reason to separate the actions into groups for bifurcated multidistrict proceedings in different districts.

In selecting the Northern District of California as the transferee district, we note that more than half of the actions in the litigation, including the first-filed actions, are already pending in that district. Additionally, we point out that i) the Northern District of California is the preferred forum of all state governmental plaintiffs and all defendants in the litigation, and ii) many relevant documents and transcripts of testimony, the fruits of an investigation by the state governmental plaintiffs, are reportedly located in the Northern District of California.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Northern District of California be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable William W. Schwarzer for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-767 -- In re Commercial General Liability Insurance Antitrust Litigation

### District of District of Columbia

Carlisle Day Care Center, Inc. v. Hartford Fire Insurance Company, et al., C.A. No. 88-0902

### Northern District of Illinois

P & J Casting Corp. v. Hartford Fire Insurance Company, et al., C.A. No. 88-C-2877

### Southern District of New York

Henry L. Rosenfeld v. Hartford Fire Insurance Company, et al., C.A. No. 88-CIV-2153
Ace Check Cashing, Inc. v. Hartford Fire Insurance Company, et al., C.A. No. 88-CIV-2252

### Eastern District of Pennsylvania

Philadelphia Sports Car, Inc. v. CIGNA Corporation, et al., C.A. No. 88-2567-MK
Stanton Electrical Contractors, Inc. v. CIGNA Corporation, et al., C.A. No. 88-2568-MK
Ramic Mechanical Corp., et al. v. Aetna Casualty and Surety Company, et al., C.A. No. 88-2791-MK
Discount Plywood Centers, Inc. v. CIGNA Corporation, et al., C.A. No. 88-2818-MK
Acme Corrugated Box Co., Inc. v. CIGNA Corporation, et al., C.A. No. 88-2884-MK

### Northern District of California

The State of California, et al. v. Hartford Fire Insurance Company, et al., C.A. No. C-88-0981-WWS
State of New York, et al. v. Hartford Fire Insurance Company, et al., C.A. No. C-88-0983-WWS
Commonwealth of Massachusetts, ex rel James M. Shannon, Attorney General, et al. v. Hartford Fire Insurance Company, et al., C.A. No. C-88-0984-WWS
State of Minnesota v. Hartford Fire Insurance Company, et al., C.A. No. C-88-0985-WWS
The State of West Virginia, et al. v. Hartford Fire Insurance Company, et al., C.A. No. C-88-0986-WWS
The State of Wisconsin, etc. v. Hartford Fire Insurance Company, et al., C.A. No. C-88-0987-WWS
The State of Alabama, et al. v. Hartford Fire Insurance Company, et al., C.A. No. C-88-0988-WWS
State of Arizona, ex rel., Robert K. Corbin, Attorney General v. Hartford Fire Insurance Company, et al., C.A. No. C-88-1009-WWS
Big D Building Supply Corporation v. Hartford Fire Insurance Company, et al., C.A. No. C-88-1318-WWS

DOCKET NO. 767

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -9 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE COMMERCIAL GENERAL LIABILITY INSURANCE ANTITRUST LITIGATION

*Albert C. Schneider, et al. v. Continental Casualty Co., et al.*, E.D. Virginia, C.A. No. 91-1187-A

## ORDER DEEMING MOTION WITHDRAWN

This matter is before the Panel on motion of plaintiffs in the above-captioned action (*Schneider*) to transfer certain antitrust claims in *Schneider*, pursuant to 28 U.S.C. §1407, to the Northern District of California for inclusion in coordinated or consolidated pretrial proceedings in this docket. Plaintiffs' Section 1407 motion seeks severance and remand to the Eastern District of Virginia of the remaining claims in *Schneider*. One defendant in *Schneider*, as well as fourteen defendants and all plaintiffs in the previously centralized actions, oppose the Section 1407 motion.

On December 4, 1991, movants notified the Panel that they had dismissed their antitrust claims and requested that their Section 1407 motion be withdrawn.

IT IS THEREFORE ORDERED that movants' request to withdraw their Section 1407 motion be granted, and that the motion be, and the same hereby is, DEEMED WITHDRAWN.

FOR THE PANEL:

John F. Nangle
Chairman